IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In Re:

OFER MIZRAHI,

                                                                        CASE No.:12-27559
                                                                         Chapter 11

    Debtor.

_____/

OFER MIZRAHI,                                                       Adv. No: 12-01789

    Plaintiff,

vs.


LSREF2 BARON, LLC, a Florida limited
Liability company, WELLS FARGO BANK
N.A., PENTIUM CONSTRUCTION, INC.,
n/k/a ARKIN CONSTRUCTION CO., INC.,
a Florida corporation, UNIVERSAL
PROPERTY & CASUALTY INSURANCE
COMPANY, a Florida Corporation, and
UNIVERSAL RISK ADVISORS, INC.,
an agent of Universal Property, BERMUDEZ
CLAIM SERVICES, INC., a Florida corporation
and MINTZ TRUPPMAN, P.A., a Florida corporation,

    Defendants.

_____/

MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR MOTION FOR MORE
<u>DEFINITE STATEMENT</u>

      Wells Fargo Bank, N.A. by and through its undersigned counsel pursuant to Rule

12(b)(6), made applicable moves to dismiss Plaintiff's Complaint or in the alternative moves for

a more definite statement and states the following:

**PROCEDURAL HISTORY**

1. Plaintiff, Ofer Mizrahi ("Mizrahi") filed for bankruptcy protection one day before a trial was to commence in the state court action: Wells Fargo Bank, N.A. v. Coverings Etc, Inc. and Ofer Mizrahi. When the state court denied Mizrahi and Coverings Etc. Inc.'s last minute attempt to delay trial, they abused the bankruptcy process by filing their petitions – thus obtaining their *de facto* continuance.

2. Subsequent to Mizrahi's improper bankruptcy petition, this adversary action was filed against a multitude of defendants, including LSREF2 Baron, LLC (hereinafter "LSREF2"), and Wells Fargo Bank, N.A. (hereinafter "Wells Fargo").

3. For the reasons specified below, this adversary complaint should be dismissed, or in the alternative, Mizrahi should be compelled to plead his theory of liability with greater specificity.

**Legal and factual argument**

It is impossible for Wells Fargo to answer Mizrahi's adversary complaint, as Mizrahi has failed to comply with Rule 8(a)(2) when he failed to provide a plain statement of the claim showing that he is entitled relief. Additionally, Mizrahi failed to plead a cause of action as specified under 12(b)(6) of the Federal Rules of Civil Procedure - made applicable by Rules 7008 and 7012 of the F.R.Bk.P.

**A. Dismissal for Mizrahi's failure to provide a plain statement of the claim showing entitlement to relief and/or failure to state a cause of action**

The complaint should be dismissed because Mizrahi failed to provide a plain statement of the claims showing entitlement to relief and failed to state a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed2.d 929 (2007): Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. A district court may

dismiss a complaint for failure to comply with Rule 8(a)(2) if the plaintiff can prove no facts that would entitle him to relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L.Ed.2d 1 (2002). At first glance, it appears that Mizrahi's Complaint seeks declaratory relief to determine the extent, priority, and validity of Wells Fargo's liens on real property as well as any claims against insurance proceeds on account of losses to the real and personal property of the Debtor. *See paragraph 1 of Mizrahi's Complaint*. However, within Mizrahi's "wherefore" clause he seeks injunctive relief as well as damages against Wells Fargo without providing a statement of facts sufficient to support these judgments. Mizrahi's wherefore clause provides the following:

> Wherefore, the Debtor respectfully requests:
>
> 1. That LSREF2/Wells Fargo:
>
>    i    satisfy the principal claim of Bermudez from the Dwelling Check proceeds;
>
>    ii    pay any and all additional claims of Bermudez due to the delay as damages; Apply the balance of the Dwelling Check and any unapplied or undisbursed escrow funds in payment of all regular/adjusted monthly payments to the date of the Petition in this case with the balance to be applied [sic] tax escrow or ad valorem tax obligations of the Property;…
>
> 6.    That damages, interest and attorneys fees be awarded against /LSREF2/Wells Fargo.

In order for Mizrahi to obtain injunctive relief, he must assert the following four elements: Mizrahi must show substantial likelihood of success on the merits; substantial threat of irreparable injury; Mizrahi's own injury outweighs injury to Wells Fargo; and injunction would not disserve public interest. *Haitian Refugee Ctr., Inc. v. Baker*, 949 F.2d 1109, 1110 (11th Cir. 1991): "Requesting party's failure to demonstrate a 'substantial likelihood of success

on the merits' may defeat the party's claim, regardless of its ability to establish any of the other elements. *Haitian Refugee Center, Inc. v. Warren Christopher*, et al, 43 F.3d 1431 (11th Cir. 1995) citing *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). In reviewing Mizrahi's Complaint he only alleges one paragraph in support of his injunction. Paragraph 26 of Mizrahi's Complaint provides: "The Debtor has no adequate remedy at law and is in need of and entitled to an equitable resolution." *See Mizrahi's Complaint*. This sole paragraph is insufficient to state a cause of action for injunction, and as a result, Mizrahi's Complaint must be dismissed consistent with rule 12(b)(6) and 8(a)(2).

In paragraph 6 of Mizrahi's "Wherefore" clause, he seeks an award of "…damages, interest and attorneys fees…against /LSREF2/Wells Fargo." However, Mizrahi never provides elements of a cause of action that would result in such an award. Mizrahi alleges that Regions Bank – his original lender and the predecessor in interest to LSREF2 – "wrongfully asserted a default, refused to convert the construction loan to permanent financing (as was agreed in the loan documentation), refused to pay Bermudez, and retained the entire Dwelling Check and never provided an explanation of how the proceeds of the Dwelling Check were applied." *See paragraph 16 of Mizrahi's Complaint*. Then, without legal support, Mizrahi alleges that LSREF2 and then Wells Fargo by way of assignment "step in the shoes of Regions Bank". *See paragraph 20 and 21 of Mizrahi's Complaint*. At no point in Mizrahi's Complaint does he provide sufficient elements of a cause of action against Regions Bank. And Mizrahi completely fails to allege how LSREF2 or Wells Fargo are liable for any action or inaction of Regions Bank. This violates the pleading standards found within *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed2.d 929 (2007). As such, Mizrahi's complaint must be dismissed.

B. **More Definite Statement of facts**

In the event that this Court deems that dismissal is not the appropriate remedy, this Court should require Mizrahi to provide a more definite statement consistent with Rules 12(e) and 10(b): "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." See F.R.Civ.P. 12(e). Courts have held that a more definite statement is appropriate where there are multiple claims for relief without clarity between them: "Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364 (11th Cir. 1996). As stated above, Mizrahi seeks damages as well as an order from this Court compelling Wells Fargo to take a certain action – although Mizrahi never specifies this, it is apparent that Mizrahi is seeking injunctive relief. Without clarification and additional facts in support of his allegations, Wells Fargo cannot respond to Mizrahi's Complaint.

Wherefore, Defendant Wells Fargo Bank, N.A. respectfully requests that this Court enter an order dismissing Plaintiff, Ofer Mizrahi's Complaint or in the alternative, enter an order

requiring Ofer Mizrahi to provide a more definite statement, and for such other relief that this Court deems appropriate.

DATED this 23rd day of August, 2012.

        MCCALLA RAYMER, LLC

        /s/ Melissa A. Youngman
        Melissa A. Youngman
        Florida Bar No. 0690473
        Rob N. Hyman
        Florida Bar No. 685909
        Attorney for Creditor
        110 S.E. 6th Street, Suite 2400
        Fort Lauderdale, FL 33301
        954-332-9423
        rnh@mccallaraymer.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 23, 2012, a true and correct copy of the foregoing was served by U.S. Mail, First Class, and/or electronic transmission to Ofer Mizrahi, 3110 Sheridan Avenue, Miami Beach, FL 33140; Scott Alan Orth, Esq., 3880 Sheridan Street, Hollywood, FL 33021; Steven D. Schneiderman, Office of U.S. Trustee, 51 SW 1 Avenue #1204, Miami, Florida 33130; and those parties receiving CM/ECF Service.

        /s/ Melissa A. Youngman
        Melissa A. Youngman