Case 12-01789-RAM    Doc 53    Filed 09/14/12    Page 1 of 7



# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

OFER MIZRAHI  
Plaintiff,

v.

LSREF2 BARON, LLC., ET AL, a Florida limited
liability company, WELLS FARGO BANK, N.A.,
PENTIUM CONSTRUCTION, INC., n/k/a
ARKIN CONSTRUCTION CO., INC.,
a Florida corporation, UNIVERSAL PROPERTY
& CASUALTY INSURANCE COMPANY,
a Florida Corporation, and UNIVERSAL RISK
ADVISORS, INC., an agent of Universal Property
BERMUDEZ CLAIM SERVICES, INC.,
a Florida Corporation, and MINTZ TRUPPMAN, P.A.
a Florida Corporation, BANK OF AMERICA, N.A.
and SCHWABEN STONE, INC.

Defendants.
_____/

Case No. 12-27559-LMI  
Chapter 11

Adv. No. 12-01789-RAM

## DEFENDANTS UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY'S AND UNIVERSAL RISK ADVISORS, INC.'S ANSWER TO AMENDED COMPLANT AND AFFIRMATIVE DEFENSES

COME NOW, The Defendants, UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY and UNIVERSAL RISK ADVISORS, INC. (hereinafter collectively referred to as "UNIVERSAL"), by and through their undersigned counsel and pursuant to the Federal Rules of Bankruptcy Procedure, and hereby collectively file their Answer to Amended Complaint and Affirmative Defenses, and state as follows:

1. The Plaintiff's allegations speak for themselves. Insofar as these allegations seek that the Court should determine how UNIVERSAL should reissue payment, if at all, UNIVERSAL also seeks such determination from the Court. Otherwise, denied.

2. The Plaintiff's allegations speak for themselves. Otherwise, denied.

3. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

4. UNIVERSAL admits that it issues policies in the State of Florida, and that it issued a policy to Mr. Ofer Mizrahi. Otherwise, denied.

5. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

6. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

7. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

8. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

9. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

10. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

11. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

12. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

13. UNIVERSAL admits that on or around March 7, 2010, the Debtor, MR. OFER MIZRAHI suffered a loss at the "Property" (3110 Sheridan Avenue, Miami Beach, Florida 33140). Otherwise, denied.

14. UNIVERSAL admits that the subject loss to the "Property" involved various aspects. Otherwise, denied.

15. UNIVERSAL admits that it initially issued two drafts totaling $414,637.35 for the payment of the dwelling damages. These drafts were both made payable to Regions Bank, Ofer Mizrahi, and Bermudez Claims Services. Otherwise, denied.

16. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

17. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

18. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

19. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

20. . This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

21. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

22. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

23. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

24. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

25. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

26. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

27. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

28. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

29. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

30. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

31. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

32. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

33. UNIVERSAL admits that it issued a draft dated August 17, 2011, in the amount of $200,000.00, made payable to Ofer Mizrahi, Regions Bank DBA Regions Mortgage, and Bermudez Claims Services, Inc. Otherwise, denied.

34. UNIVERSAL admits that it issued a draft dated August 17, 2011, in the amount of $200,000.00, made payable to Ofer Mizrahi, Regions Bank DBA Regions Mortgage, and Bermudez Claims Services, Inc. Otherwise, denied.

35. UNIVERSAL has fulfilled all of its duties under its insurance contract with Mr. Ofer Mizrahi. Otherwise, denied.

36. UNIVERSAL has fulfilled all of its duties under its insurance contract with Mr. Ofer Mizrahi. Otherwise, denied.

37. UNIVERSAL has fulfilled all of its duties under its insurance contract with Mr. Ofer Mizrahi. Otherwise, denied.

38. UNIVERSAL has fulfilled all of its duties under its insurance contract with Mr. Ofer Mizrahi. Otherwise, denied.

39. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

40. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

41. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

42. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

43. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

44. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

45. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

46. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

47. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

48. This paragraph does not purport to state a claim against UNIVERSAL. To the extent that this paragraph is deemed to apply to UNIVERSAL, denied.

WHEREFORE, UNIVERSAL PROPERTY & CASUALTY INSURANCE Company hereby requests that this Honorable Court enter Judgment in its favor and determine how the aforementioned August 17, 2011, draft in the amount of $200,000.00 should be re-issued and endorsed by the parties, as well as provide any other relief that this Court should deem just, necessary, and proper.

I HEREBY CERTIFY that, pursuant to Local Rule 2090-1 (B)(1)(f), the undersigned attorney is appearing only for the limited instance of this adversary proceeding.

**AFFIRMATIVE DEFENSE**

1. As its first affirmative defense, UNIVERSAL asserts that is has already paid any and all amounts due and owing under its insurance contract with Mr. Mizrahi. Regions Bank has failed to endorse the aforementioned August 17, 2011, draft in the amount of $200,000.00. Regions Bank's failure to cooperate is wholly responsible for the aforementioned draft not being fully endorsed and deposited. Universal's conduct has at all times complied with any and all applicable contractual and legal duties.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on the 12th day of September 2012, the foregoing original document was filed with the Clerk of the Court and that a copy of the foregoing document has been faxed and mailed to: Scott Alan Orth, Esquire, Law Offices Scott Alan Orth, P.A., 3880 Sheridan Street, Hollywood, FL 33021-3634; Adrian Neiman Arkin, Esquire, Mintz Truppman, P.A., 1700 Sans Souci Blvd., North Miami, FL 33181.

Ian S. Ronderos
Fla. Bar No.: 0070462
Walton Lantaff Schroeder Carson LLP
Financial Center, Tenth Floor
9350 South Dixie Highway
Miami, Florida 33156
Tel: 305-671-1300
Fax: 305-670-7065
ironderos@waltonlantaff.com