

**ORDERED in the Southern District of Florida on April 30, 2013.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | Case No. 12-27559-BKC-RAM |
| OFER MIZRAHI, | Chapter 11 |
| Debtor. | |
| OFER MIZRAHI, | |
| Plaintiff, | |
| vs. | Adv. No. 12-1789-BKC-RAM-A |
| LSREF2 BARON, LLC, *et al.*, | |
| Defendants. | |

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**

The Court conducted a hearing on April 22, 2013, on the Debtor's Motion for Summary Judgment as to Second Insurance Check, Water Damage Check and as to the Priority of the Attorneys and Adjustors (Mintz Truppman, P.A., Bermudez Claims Services) (the " Plaintiff's

Motion for Summary Judgment") [DE #147] and Wells Fargo Bank, N.A. and by Adoption LSREF2 Baron, LLC's Motion for Partial Summary Judgment (the "Secured Creditor's Motion for Partial Summary Judgment") [DE #148].

The Plaintiff's Motion for Summary Judgment seeks entry of an Order (i) finding Wells Fargo Bank, N.A. and LSREF2 Baron, LLC (together, the "Secured Creditor") to have no claim to (a) the $200,000.00 paid by Universal Risk Advisors, Inc. ("Universal Risk") in a check dated August 17, 2011 issued jointly to the Plaintiff, Regions Bank (the predecessor-in-interest to the Secured Creditor), Mintz Truppman, P.A. ("Mintz") and Bermudez Claim Services, Inc. ("Bermudez") (the "Additional Fire Damage Proceeds") and (b) the $29,515.99 paid by Fidelity National Property & Casualty Insurance Company in a check dated July 12, 2012 issued jointly to the Plaintiff, Wells Fargo and Ultra Claims Consultants LLC ("Ultra") (the "Water Damage Proceeds") or, (ii) in the alternative, finding Mintz, Bermudez and Ultra (collectively, the "Mizrahi Representatives") to have a superior claim to the Additional Fire Damage Proceeds and Water Damage Proceeds, as applicable, as compared to the claim of the Secured Creditor. Conversely, the Secured Creditor's Motion for Partial Summary Judgment seeks entry of an Order (i) finding in its favor as to its entitlement to (a) the $414,637.35 paid by Universal Risk in two separate checks dated May 11, 2010 and June 7, 2010 issued jointly to the Plaintiff, Regions Bank and Bermudez (the "Initial Fire Damage Proceeds"), (b) the Additional Fire Damage Proceeds and (c) the Water Damage Proceeds and (ii) denying the Plaintiff's request to release the subject insurance proceeds to pay certain of the Mizrahi Representatives.

Upon consideration of the record in this proceeding, including the Plaintiff's Motion for Summary Judgment, the Secured Creditor's Motion for Partial Summary Judgment, the

responsive pleadings and exhibits to each of the foregoing and the arguments of the parties at the hearing, the Court finds as follows:

  A. To the extent the Plaintiff argues that the Special Provision Rider [DE #175-2] was not consented to and is not binding, the Court finds no issue of fact. The Special Provision Rider was executed by the Plaintiff's attorney-in-fact together with the Mortgage [DE #175-1] and other loan documents on April 4, 2006. As such, the Special Provision Rider is valid and binding on the Plaintiff.

  B. Paragraph 5 of the Mortgage provides the Secured Creditor with an express interest in the proceeds of any insurance policy obtained with respect to the subject real property. Mortgage [DE #175-1] at ¶ 5.

  C. Pursuant to the Special Provision Rider, the Secured Creditor was entitled to apply the subject insurance proceeds to the reduction of the Plaintiff's indebtedness. This Court is aware that Paragraph 5 of the Mortgage provides "[u]less Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened." Mortgage [DE #175-1] at ¶ 5. However, the Special Provision Rider, which "amends, supplements and to the extent of any conflict supersedes" the Mortgage, provides "[a]ny part of the insurance proceeds may be applied by the Lender at its option to the reduction of the indebtedness or the repair of the property." Special Provision Rider [DE #175-2] at 1, ¶ J. Based on the foregoing provisions, to the extent there is a conflict between the Mortgage and the Special Provision Rider with respect to whether the Secured Creditor was entitled to use insurance proceeds to pay down the Plaintiff's

indebtedness, rather than restore or repair the subject property, the Court finds that the Special Provision Rider supersedes the Mortgage and permits the Secured Creditor, at its option, to use insurance proceeds to reduce the Plaintiff's indebtedness on the subject loan.

      D.      Paragraph 5 of the Mortgage provides "[a]ll insurance policies required by Lender and renewals of such policies . . . shall name Lender as mortgagee and/or as an additional loss payee" and "[i]f Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy . . . shall name Lender as mortgagee and/or as an additional loss payee." Mortgage [DE #175-1] at ¶ 5. To the extent the Plaintiff argues that the Secured Creditor does not have a claim to the Water Damage Proceeds because of the Plaintiff failed to list the Secured Creditor as the mortgagee or additional loss payee on the subject insurance policy, the Court rejects such argument and finds that the Plaintiff is estopped from arguing that the Secured Creditor has no claim to the Water Damages Proceeds based on the Plaintiff's failure to list the Secured Creditor as the mortgagee or additional loss payee on the subject insurance policy.

      E.      Paragraph 5 of the Mortgage provides "[f]ees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower." Mortgage [DE #175-1] at ¶ 5. Unless it is established that the Mortgage and other loan documents were not properly perfected or recorded, to the extent the Plaintiff argues that the Mizrahi Representatives have a superior non-equitable lien in the subject insurance proceeds, the Court rejects such argument and finds that the Plaintiff is estopped from arguing that the Mizrahi Representatives have a superior non-equitable lien in the subject insurance proceeds. This finding does not foreclose the Plaintiff from arguing that the Mizrahi

Representatives have a superior claim in the subject insurance proceeds pursuant to the equitable theories referenced below.

  F. Certain issues remain unresolved that prevent this Court from granting either the Plaintiff's Motion for Summary Judgement or the Secured Creditor's Motion for Partial Summary Judgment, including:

    1) Whether the Secured Creditor holds a perfected interest the Mortgage and related promissory note;

    2) Whether the Additional Fire Damage Proceeds include amounts not attributable to insurance proceeds related to the subject real property; and

    3) Whether the equitable theories of unjust enrichment and/or implied waiver provide all or certain of the Mizrahi Representatives with a superior claim to the applicable insurance proceeds as compared to the claim of the Secured Creditor.

  Based on the foregoing, it is --

**ORDERED** as follows:

1. The Plaintiff's Motion for Summary Judgment is denied.

2. The Secured Creditor's Motion for Partial Summary Judgment is denied.

            ###

Copies Furnished To:

Scott Alan Orth, Esq.

Melissa Youngman, Esq.

James Schwitalla, Esq.

Eitan G. Gontovnik, Esq.

Mintz Truppman, P.A.
1700 Sans Souci Blvd
North Miami, FL 33181