UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                                                  Chapter 11
OFER MIZRAHI,
                                                                                        Case No.: 12-27559-RAM
    Debtor.
_____/
OFER MIZRAHI,

Plaintiff, Adv.                                                                         Case No.: 12-01789-RAM-A

vs.

LSREF2 BARON, LLC,
WELLS FARGO BANK, N.A.,
PENTIUM CONSTRUCTION, INC.
n/k/a ARKIN CONSTRUCTION CO., INC.,
and MINTZ & TRUPPMAN, P.A.,
Cross Defendants.
_____/

**WELLS FARGO BANK'S AND LSREF2 BARON, LLC'S ANSWER TO MIZRAHI'S
THIRD AMENDED ADVERSARY COMPLAINT**

Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"), and LSREF2 Baron, LLC – hereinafter collectively referred to as "Defendants" by and through its undersigned counsel hereby file their Answer and Affirmative Defenses to Mizrahi's Third Amended Complaint (hereinafter the "Complaint") and state the following:

1.   DEFENDANTS are without knowledge of the allegation contained within paragraph 1. a. through f. of Mizrahi's Complaint and demand strict proof thereof.

2.   DEFENDANTS are without knowledge of the allegation contained within paragraph 2 of Mizrahi's Complaint and demand strict proof thereof.

3.   DEFENDANTS admit the allegation contained within paragraph 3 of Mizrahi's Complaint.

4. DEFENDANTS admit the allegation contained within paragraph 4 of Mizrahi's Complaint.

5. DEFENDANTS admit the allegation contained within paragraph 5 of Mizrahi's Complaint.

6. DEFENDANTS admit that Regions Bank lent Mizrahi funds in connection with construction on real property.

7. DEFENDANTS deny the allegation contained within paragraph 7 of Mizrahi's Complaint as written and demand strict proof thereof.

8. DEFENDANTS are without knowledge of the allegation contained within paragraph 8 of Mizrahi's Complaint and demand strict proof thereof.

9. DEFENDANTS admit the allegation contained within paragraph 9 of Mizrahi's Complaint.

10. DEFENDANTS admit the allegation contained within paragraph 10 of Mizrahi's Complaint.

11. DEFENDANTS deny the allegation contained within paragraph 11 of Mizrahi's Complaint and demand strict proof thereof.

12. DEFENDANTS deny that LSREF2 Baron, LLC is an assignee of Regions Bank in connection with the Mizrahi loan that is the subject of this suit. DEFENDANTS deny that WELLS FARGO is an assignee of LSREF2 Baron, LLC as alleged in paragraph 12 of Mizrahi's Complaint and demand strict proof thereof.

13. DEFENDANTS deny that LSREF2 Baron, LLC is an assignee of Regions Bank in connection with the Mizrahi loan that is the subject of this suit. DEFENDANTS deny that

WELLS FARGO is an assignee of LSREF2 Baron, LLC as alleged in paragraph 13 of Mizrahi's Complaint and demand strict proof thereof.

14. DEFENDANTS deny the allegations contained within paragraph 14 of Mizrahi's Complaint and demand strict proof thereof.

15. DEFENDANTS are without knowledge of the allegations contained in paragraph 15 of Mizrahi's Complaint and demand strict proof thereof.

16. DEFENDANTS are without knowledge of the allegations contained in paragraph 16 of Mizrahi's Complaint and demand strict proof thereof.

17. DEFENDANTS admit the allegations contained within paragraph 17 of Mizrahi's Complaint and demand strict proof thereof.

18. DEFENDANTS are without knowledge of the allegations contained in paragraph 18 of Mizrahi's Complaint and demand strict proof thereof.

19. DEFENDANTS are without knowledge of the allegations contained in paragraph 19 of Mizrahi's Complaint and demand strict proof thereof.

20. DEFENDANTS are without knowledge of the allegations contained in paragraph 20 of Mizrahi's Complaint and demand strict proof thereof.

21. DEFENDANTS are without knowledge of the allegations contained in paragraph 21 of Mizrahi's Complaint and demand strict proof thereof.

22. DEFENDANTS are without knowledge of the allegations contained in paragraph 22 of Mizrahi's Complaint and demand strict proof thereof.

23. DEFENDANTS are without knowledge of the allegations contained in paragraph 23 of Mizrahi's Complaint and demand strict proof thereof.

24. DEFENDANTS are without knowledge of the allegations contained in paragraph 24 of Mizrahi's Complaint and demand strict proof thereof.

25. DEFENDANTS are without knowledge of the allegations contained in paragraph 25 of Mizrahi's Complaint and demand strict proof thereof.

26. DEFENDANTS are without knowledge of the allegations contained in paragraph 26 of Mizrahi's Complaint and demand strict proof thereof.

27. DEFENDANTS are without knowledge of the allegations contained in paragraph 27 of Mizrahi's Complaint and demand strict proof thereof.

DEFENDANTS adopt and incorporate by reference the foregoing paragraphs 1 to 27 as if specifically set forth in the Answer and Defenses of Count One.

28. DEFENDANTS are without knowledge of the allegations contained in paragraph 28 of Mizrahi's Complaint and demand strict proof thereof.

29. DEFENDANTS are without knowledge of the allegations contained in paragraph 29 of Mizrahi's Complaint and demand strict proof thereof.

30. DEFENDANTS admit the allegations contained in paragraph 30 of Mizrahi's Complaint.

31. DEFENDANTS deny the allegations contained in paragraph 31 of Mizrahi's Complaint and demand strict proof thereof.

32. DEFENDANTS deny the allegations contained in paragraph 32 of Mizrahi's Complaint and demand strict proof thereof.

33. DEFENDANTS deny the allegations contained in paragraph 33 of Mizrahi's Complaint and demand strict proof thereof.

34. DEFENDANTS deny the allegations contained in paragraph 34 of Mizrahi's Complaint and demand strict proof thereof.

DEFENDANTS adopt and incorporate by reference the foregoing paragraphs 1 to 27 as if specifically set forth in the Answer and Defenses of Count Two.

35. DEFENDANTS deny the allegations contained in paragraph 35 of Mizrahi's Complaint and demand strict proof thereof.

36. DEFENDANTS are without knowledge of the allegations contained in paragraph 36 of Mizrahi's Complaint and demand strict proof thereof, but admit that Universal issued checks in the total amount of $414,637.35.

37. DEFENDANTS deny the allegations contained in paragraph 37 of Mizrahi's Complaint and demand strict proof thereof.

38. DEFENDANTS deny the allegations contained in paragraph 38 of Mizrahi's Complaint and demand strict proof thereof.

39. DEFENDANTS are without knowledge of the allegations contained in paragraph 39 of Mizrahi's Complaint and demand strict proof thereof.

40. DEFENDANTS are without knowledge of the allegations contained in paragraph 40 of Mizrahi's Complaint and demand strict proof thereof.

41. DEFENDANTS deny the allegations contained in paragraph 41 of Mizrahi's Complaint and demand strict proof thereof.

42. DEFENDANTS deny the allegations contained in paragraph 42 of Mizrahi's Complaint and demand strict proof thereof.

43. DEFENDANTS deny the allegations contained in paragraph 43 of Mizrahi's Complaint and demand strict proof thereof.

44. DEFENDANTS deny the allegations contained in paragraph 44 of Mizrahi's Complaint and demand strict proof thereof.

45. DEFENDANTS deny the allegations contained in paragraph 45 of Mizrahi's Complaint and demand strict proof thereof.

DEFENDANTS adopt and incorporate by reference the foregoing paragraphs 1 to 27 as if specifically set forth in the Answer and Defenses of Count Three.

46. DEFENDANTS are without knowledge of when Universal issued a second check, but admits that a second check was issued and that its proceeds are subject to this Court's jurisdiction.

47. DEFENDANTS are without knowledge of the allegations contained in paragraph 47 of Mizrahi's Complaint and demand strict proof thereof.

48. DEFENDANTS are without knowledge of the allegations contained in paragraph 48 of Mizrahi's Complaint and demand strict proof thereof.

49. DEFENDANTS deny the allegations contained in paragraph 49 of Mizrahi's Complaint and demand strict proof thereof.

50. DEFENDANTS admit the allegations contained in paragraph 50 of Mizrahi's Complaint and demand strict proof thereof.

51. DEFENDANTS deny the allegations contained in paragraph 51 of Mizrahi's Complaint and demand strict proof thereof.

52. DEFENDANTS deny the allegations contained in paragraph 52 of Mizrahi's Complaint and demand strict proof thereof.

53. DEFENDANTS are without knowledge of the allegations contained in paragraph 53 of Mizrahi's Complaint and demand strict proof thereof.

54. DEFENDANTS are without knowledge of the allegations contained in paragraph 54 of Mizrahi's Complaint and demand strict proof thereof.

55. DEFENDANTS are denies the allegations contained in paragraph 55 of Mizrahi's Complaint and demand strict proof thereof.

56. DEFENDANTS admit the allegations contained in paragraph 56 of Mizrahi's Complaint and demand strict proof thereof.

57. DEFENDANTS admit the allegations contained in paragraph 57 of Mizrahi's Complaint and demand strict proof thereof.

58. DEFENDANTS admit the allegations contained in paragraph 58 of Mizrahi's Complaint and demand strict proof thereof.

59. DEFENDANTS deny the allegations contained in paragraph 59 of Mizrahi's Complaint and demand strict proof thereof.

DEFENDANTS adopt and incorporate by reference the foregoing paragraphs 1 to 27 and 35 to 43 as if specifically set forth in the Answer and Defenses of Count Four.

60. DEFENDANTS deny the allegations contained in paragraph 60 of Mizrahi's Complaint and demand strict proof thereof.

61. DEFENDANTS deny the allegations contained in paragraph 61 of Mizrahi's Complaint and demand strict proof thereof.

62. DEFENDANTS deny the allegations contained in paragraph 62 of Mizrahi's Complaint and demand strict proof thereof.

63. DEFENDANTS deny the allegations contained in paragraph 63 of Mizrahi's Complaint and demand strict proof thereof.

64. DEFENDANTS deny the allegations contained in paragraph 64 of Mizrahi's Complaint and demand strict proof thereof.

65. DEFENDANTS deny the allegations contained in paragraph 65 of Mizrahi's Complaint and demand strict proof thereof.

66. DEFENDANTS admit the allegations contained in paragraph 66 of Mizrahi's Complaint.

67. DEFENDANTS deny the allegations contained in paragraph 67 of Mizrahi's Complaint and demand strict proof thereof.

68. DEFENDANTS deny the allegations contained in paragraph 68 of Mizrahi's Complaint and demand strict proof thereof.

69. DEFENDANTS deny the allegations contained in paragraph 69 of Mizrahi's Complaint and demand strict proof thereof.

70. DEFENDANTS deny the allegations contained in paragraph 70 of Mizrahi's Complaint and demand strict proof thereof.

71. DEFENDANTS are without knowledge of the allegations contained in paragraph 71 of Mizrahi's Complaint and demand strict proof thereof.

72. DEFENDANTS deny the allegations contained in paragraph 72 of Mizrahi's Complaint and demand strict proof thereof.

73. DEFENDANTS deny the allegations contained in paragraph 73 of Mizrahi's Complaint and demand strict proof thereof.

74. DEFENDANTS deny the allegations contained in paragraph 74 of Mizrahi's Complaint and demand strict proof thereof.

75. DEFENDANTS admit the allegations contained in paragraph 75 of Mizrahi's Complaint.

76. DEFENDANTS deny the allegations contained in paragraph 76 sections A - F of Mizrahi's Complaint and demand strict proof thereof.

DEFENDANTS adopt and incorporate by reference the foregoing paragraphs 1 to 76 as if specifically set forth in the Answer and Defenses of Count Five.

77. DEFENDANTS deny the allegations contained in paragraph 81 of Mizrahi's Complaint and demand strict proof thereof.

78. DEFENDANTS are without knowledge of the allegations contained in paragraph 82 of Mizrahi's Complaint and demand strict proof thereof.

79. DEFENDANTS are without knowledge of the allegations contained in paragraph 83 of Mizrahi's Complaint and demand strict proof thereof.

80. DEFENDANTS are without knowledge of the allegations contained in paragraph 84 of Mizrahi's Complaint and demand strict proof thereof

## WELLS FARGO BANK, N.A.'S AFFIRMATIVE DEFENSES

1. In and for their first affirmative defense, DEFENDANTS state that Ofer Mizrahi has conspired to commit fraud with other creditors in this action by allowing a fraudulent lien on Wells Fargo's collateral. Mizrahi was aware of the provisions within the mortgage that precluded Mizrahi from paying third parties out of insurance proceeds. Yet, Mizrahi entered into an agreement pledging insurance proceeds that he knew were due to Wells Fargo.

2. In and for their second affirmative defense, DEFENDANTS allege that Mizrahi failed to state a cause of action for which relief can be granted. Mizrahi was aware of the provisions within the mortgage that prevented him from pledging to third parties proceeds of

insurance payments. As such, Mizrahi has not asserted a legitimate entitlement to the insurance proceeds.

3. In and for their third affirmative defense, DEFENDANTS allege that Mizrahi's claims are barred due to his multiple breaches of the loan documents. Mizrahi was aware of the express terms of the note and mortgage and his requirement to follow the specific terms and conditions of the agreement. Mizrahi not only failed to abide by the terms of the contract when he failed to make the monthly payments, failed to bring the property to code, failed to pay the real estate taxes, and failed to provide proof of insurance – Mizrahi also breached the express terms of the contract by assigning insurance proceeds to a third parties.

4. In and for their fourth affirmative defense, DEFENDANTS allege that Mizrahi's claims are barred by the doctrine of unclean hands. Mizrahi was aware of the express terms of the mortgage and his requirement to follow the specific terms and conditions of the agreement. Mizrahi not only failed to abide by the terms of the contract when he failed to make the monthly payments, failed to bring the property to code, failed to pay the real estate taxes, and failed to provide proof of insurance – Mizrahi also fraudulently assigned insurance proceeds that were due to the owner of the loan documents.

5. In and for their fifth affirmative defense, DEFENDANTS allege that Mizrahi fraudulently induced Regions Bank – the predecessor in interest to enter into the loan agreement. Mizrahi was to close a credit line issued by Bank of America – which was secured by a mortgage on the subject property – that was to be satisfied upon Regions Bank's issuance of the takeout loan. However, in an effort to defraud Regions Bank and its predecessors in interest, Mizrahi never closed the line of credit; in fact, Mizrahi maxed out the Bank of America line of credit –

and allegedly failed to repay this debt. This has resulted in Bank of America alleging that it has a secured interest in the real property that trumps a portion of Wells Fargo Bank's loan.

**WHEREFORE**, Defendants, Wells Fargo Bank, N.A. and LSREF2 Baron, LLC state that Plaintiff, Ofer Mizrahi's prayer for relief should be denied, the lien of Wells Fargo Bank, N.A. on the mortgaged property should be deemed superior in dignity and priority to all lien holders, Wells Fargo Bank, N.A. should be deemed to have a secured interest and a priority lien on any and all insurance proceeds, that the Plaintiff, Ofer Mizrahi, the various insurance adjustors, and attorney defendants should take nothing, and that Wells Fargo Bank, N.A. and LSREF2 Baron, LLC be awarded their attorney's fees and costs consistent with the loan documents in the above styled action.

                                                MCCALLA RAYMER , LLC

By:    /s/ Eitan G. Gontovnik
        Eitan G. Gontovnik
        Florida Bar No. 0086763
        Rob N. Hyman
        Florida Bar No. 685909
        110 S.E. 6th Street, Suite 2400
        Ft. Lauderdale, FL 33301
        Phone: (954) 332-9364
        Fax: (754) 242-9667
        Email: egg@mccallaraymer.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 20, 2013, a true and correct copy of the foregoing was served by U.S. Mail, First Class, and/or electronic transmission to Ofer Mizrahi, 3110 Sheridan Ave., Miami Beach, FL 33140; Scott Alan Orth, Esq., 3880 Sheridan Street, Hollywood, FL 33021; Steven D. Schneiderman, Office of the U.S. Trustee, 51 S.W. 1st Ave, #1204, Miami, FL 33130; and those parties receiving CM/ECF service.

/s/ Eitan G. Gontovnik
Eitan G. Gontovnik, Esq.