UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In Re:

OFER MIZRAHI,                                         Case No. 12-27559-RAM
                                                      Chapter 11
        Debtor.
_____/

**DEBTOR'S MEMORANDUM OF LAW
IN SUPPORT OF DEBTOR'S ARGUMENT THAT
SCHWABEN STONE'S SECURED CLAIM SHOULD BE DETERMINED
BY VALUING DEBTOR'S HOME AS OF JULY 22, 2012 FILING DATE**

The Debtor, OFER MIZRAHI, files this memorandum of the law as requested by the Court [DE 278] with respect to the valuation date for the Debtor's home.

1. On July 22, 2012, Ofer Mizrahi filed a Voluntary Chapter 11 Petition under case number 12-27559-LMI.

2. Ofer Mizrahi immediately filed this Adversary Proceeding under case number 12-01789 RAM, and one of the issues in the adversary has become focused on the status of the Schwaben Stone Claim of lien.

3. The precise issue is whether and if so, how much equity in the Debtor's home is available for the lien to attach to pursuant to Section 506 of the Code.

4. The first issue in determining the present dispute is the date of valuation.

5. The Debtor asserts that for the purpose of determining the secured status of the claim of Schwaben, the petition filing date is the appropriate selection.

6. It is widely held without any dispute that in the Southern District of Florida the parties, the trustee and the courts all use the value of the property on the petition date in Chapter 13 cases.

7. The Debtor asserts that there is nothing in the Code that suggests that a different date should prevail solely because the Debtor whose home is being valued had to file Chapter 11 due to the debt limits of Chapter 13. Any other treatment would implicate a violation of the Equal Protection clause fo the US Constitution.

8. Of course 506 suggests that the valuation is to be determined in light of the purpose of the valuation and of the proposed distribution or use of the property. In this vein the holder of a claim typically has for the claim purposes established his or her claim on the petition date. Indeed a proof of claim is filed to reflect the claim amount and status as of the petition date. 11 USC Section 502(b).

9. This is not an asset that will generate income into the future it is the Debtor's home and homestead. It should be treated just as the thousands of homes are valued in chapter 13 or 7.

10. To value the property to determine if a prepetition lien on non-income generating property attaches in Chapter 11 as of any arbitrary date after the petition date gives the creditor the benefit of the Debtor industry on his exempt assets and penalizes the debtor, discouraging chapter 11 as a vehicle and mode of rehabilitation.

11. An excellent discussion and analysis of the situation was presented in *In re: Gilpin*, 479 B.R. 905, 907-908 (Bankr. M.D. Fla. 2011):

" With regard to the date of valuation, subparagraph (a)(2) of § 506 expressly states that if the debtor is an individual in a Chapter 13 case, value with respect to personal property shall be determined "as of the date of the filing of the petition." However, § 506 fails to establish a similar express date for determining the value of real property. Instead, subparagraph (a)(1) of § 506 states that for purposes of determining secured status, value 'shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.' 11

U.S.C. § 506(a)(1) (emphasis added).

A split of authority exists regarding the appropriate valuation date when a court is deciding whether to strip off a lien in a Chapter 13 case. See, In re Valls, 2010 Bankr. LEXIS 2190, 2010 WL 2745951 (Bankr. S.D. Fla. July 6, 2010) (not published) and cases cited therein. In In re Valls, a case out of the Southern District of Florida, the court considered a motion to strip off a junior mortgage lien on the debtor's homestead based on allegations that the junior lien was wholly unsecured. Because the debtor sought to keep his home, the court found it appropriate to use the petition date as the relevant valuation date. In support of its position, the court cited In re Dean, 319 B.R. 474 (Bankr. E.D. Va. 2004) and In re Young, 390 B.R. 480, 488 (Bankr. D. Me. 2008). In re Valls, supra.

In In re Dean, the court focused on the debtor's proposed disposition or use of the collateral to be valued, as being the operative phrase in § 506(a). The court found that the legislative history of § 506(a) calls for permitting different valuations depending on the debtor's use of the property as revealed to the court during the bankruptcy proceedings. In re Dean, supra, 319 B.R. at 477. The debtors in that case intended to continue to use the collateral as their primary residence, to provide shelter for the debtors and their dependents. The debtors intent was established at the onset of the case and had not changed. Thus, under these facts, the court found that it need not wait until the confirmation date to determine the debtors' use of the property at issue. Id. at 478. The court contrasted this scenario with one under which a debtor might decide to reside in property previously rented to tenants, in which case, rental income would no longer be an appropriate valuation factor. Id.

The court in In re Young also looked to the petition date as the proper date to value property when considering a Chapter 13 debtor's motion to strip a junior lien, where the debtors intended to keep their home. In that case, neither party pressed for use of a different valuation date. The court noted, however, that the petition date is the appropriate time for determining the value of the debtors' home because the estate's interest in property (with exceptions not relevant to the case) is established upon the commencement of the bankruptcy case. In re Young, supra, 390 B.R. at 488.

Many courts recognize the petition date as the 'watershed date' of the bankruptcy proceeding — the date upon which 'creditors' rights are fixed (as much as possible), the bankruptcy estate is created, and the value of the debtor's exemptions are determined.' In re Dean, supra, 319 B.R. at 479, citing, In re Johnson, 165 B.R. 524, 528 (S.D. Ga. 1994), et al. See also, 11 U.S.C. § 541(a)(1) (property of the estate is comprised of all legal or equitable interests of the debtor in property 'as of the commencement of the case'); and 11 U.S.C. § 502(b) (after notice and hearing, the court shall determine the amount of an allowed claim 'as of the date of the filing of the petition').

This Court finds most persuasive, under the facts of the present case where the Debtors intend to remain in their home, the line of cases followed in In re Valls, which hold that the petition date serves as the appropriate date for valuation. See also, In re Dente/Pender, 60 B.R. 164, 165 (Bankr. M.D. Fla. 1986) (while valuation may be proper as of a date after the commencement of a case in certain circumstances, valuation must be made as of the date of commencement for the purpose of determining the extent of an allowed secured claim § 506)."

Similarly, the petition date should fix the valuation here.

12. Alternatively, here where the Debtor filed the adversary seeking the relief as to the lien on the petition date the valuation should take place as that date.

*Accordingly*, Schwaben's secured claim should be determined by valuing the home as of the July 22, 2012 filing date of the Debtor's chapter 11 case.

**I HEREBY CERTIFY** that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF on this 12th day of November, 2013 and served as mentioned below.

      **LAW OFFICES OF SCOTT ALAN ORTH, P.A.**
      *Attorney for Debtor*
      3880 Sheridan Street
      Hollywood, Florida 33021
      (305) 757-3300 / (305) 757-0071 F
      By:   /s/ Scott A. Orth
            Scott Alan Orth, Esq.
            Florida Bar No. 436313

**VIA CM/ECF**
Victor H. Veschio, Esq., via firm@vlgfl.com
James Schwitalla, Esq., via jwscmecf@bellsouth.net
Melissa Youngman, Esq., via may@mccallaraymer.com

F:\networkdocs\MIZRAHI\BANKRUPTCY\12-27559 Personal\12-01789 Adv\Pleadings\memorandum of law re valuation date.wpd

Eitan G. Gontovnik, Esq., via egg@mccallaraymer.com
Jeffrey P. Bast, Esq., via jbast@bastamron.com
Morgan Edelboim, Esq., via medelboim@bastamron.com
Mariela M. Malfeld, Esq., via mmalfeld@wthf.com
Henry E. Marines, Esq., via hm@henrymarineslaw.com